**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN ALLEN,**

                          **Plaintiff,**

                **v.**                                      **9:05-CV-1613**
                                                                      **(NAM)(GJD)**

**STATE OF NEW YORK; NEW YORK STATE**
**DEPARTMENT OF CORRECTIONAL SERVICES;**
**NEW YORK STATE DIVISION OF PAROLE,**

                          **Defendants.**
_____

APPEARANCES:

JOHN ALLEN
03-B-1964
Cayuga Correctional Facility
PO Box 1186
State Route 38A
Moravia, NY 13118
Plaintiff, _pro se_

**Hon. Norman A. Mordue, Chief U.S. District Court Judge**

**DECISION and ORDER**

By prior Decision and Order, this Court ruled that the original pleading filed by _pro se_ plaintiff

John Allen failed to allege facts to support a live case or controversy which he has standing to pursue.

Dkt. No. 4.[1]  In light of his _pro se_ status, plaintiff was afforded an opportunity to file an amended

complaint.  _Id_. at 4-6.

Plaintiff's amended complaint is before this Court for consideration.  Dkt. No. 5.

In its prior Decision and Order, the Court determined that plaintiff had not established that his

perceived injury from the application of New York State Mental Hygiene Law to convicted sex

offenders immediately prior to their scheduled release from state prison is "sufficiently real and

---

[1] Plaintiff's _in forma pauperis_ application was granted.  _Id_. at 5.

immediate" so as to constitute an existing case or controversy which may be properly considered by this Court. Dkt. No. 4 at 4. As noted by the Court, plaintiff's complaint did not clearly identify him as a sex offender, nor did plaintiff claim that he is scheduled for imminent release from prison. *Id*.

Upon review of the amended complaint, the Court finds that plaintiff has failed to cure the deficiencies discussed by the Court in its prior Decision and Order. While the amended complaint sets forth plaintiff's criminal history in sufficient detail to demonstrate that he is within the class of inmates who might be evaluated pursuant to Mental Hygiene Law § 9.27 (*see* Dkt. No. 6 at 6-7, 10), it does not appear from that pleading that plaintiff's release is imminent. Rather, plaintiff's conditional release date is not until 2013. *Id*. at ex. 1.

The Court notes that the amended complaint also sets forth claims challenging what plaintiff describes as a practice of withholding participation in the Sexual Offender Counseling Program ("SOCP") until an inmate is within one year of his conditional release date. According to plaintiff, one result of this practice is that inmates may not have completed this program prior to their initial appearance before the parole board and may, as a result, be denied release. Dkt. No. 5 at 7-8. It is well-settled that inmates do not enjoy constitutionally rights to participate in particular programs or to parole release. *See Lee v. Governor of New York*, 87 F.3d 55, 58-59 (2d Cir. 1996); *Grant v. Ahern*, No. 03-CV-0539, 2005 WL 1936175 * 5 (N.D.N.Y.) (Magnuson, V.J.). Accordingly, these allegations do not a state a claim upon which relief may be granted by this Court.

Plaintiff also seeks to consolidate this action with *Donhauser v. Goord*, 9:01-CV-1535 (DNH/GHL). Dkt. No. 5 at 10-11. *Donhauser* is a class action challenging certain aspects of the SOCP. By Order filed February 15, 2005, District Judge Hurd certified the class, which is defined as "[c]urrent or former New York State prisoners who have lost or been denied good time credits or have

2

been threatened with the loss or denial of good time credits because of a refusal to admit guilt to

criminal sexual conduct as part of the Sexual Offender Counseling Program." *Donhauser*, Dkt. No.

127.  Upon review, because plaintiff has not demonstrated in his amended complaint that he is a

member of the class certified in *Donhauser*, consolidation is not warranted.[2]

For the reasons set forth herein and in the Court's prior Decision and Order, plaintiff's amended

complaint, as drafted, fails to state a claim upon which relief may be granted, and this action is hereby

dismissed.

WHEREFORE, based upon the foregoing, it is hereby

ORDERED, that this action is dismissed due to plaintiff's failure to state a claim upon which

relief can be granted, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff.

IT IS SO ORDERED.

Dated:   October 5, 2006
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[2]  Inasmuch as plaintiff claims that he has been denied the opportunity to enrol in the SOCP, he can not claim to be a member of a class consisting of SOCP participants who have refused to comply with certain program requirements.